**Karen A. Moore**, OSB 040922
E-Mail: kmoore@wageclaim.org
**SCHUCK LAW, LLC**
Attorneys at Law
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243
     Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EUGENE DISTRICT OF OREGON
# MEDFORD DIVISION

| | |
|---|---|
| **CONNOR HADDOCK**, an individual,<br><br>              **Plaintiff**,<br><br>   v.<br><br>**UNIVERSAL PROTECTION SERVICE, LP A LIMITED PARTNERSHIP OF CALIFORNIA,** dba Allied Universal Security Protection,<br><br>             **Defendant**. | Case No. 1:25-cv-20069<br><br>**COMPLAINT (Wage Claim)**<br><br>Unpaid Wages Action (ORS 652.140, 652.150, 653.055, 653.261, and 29 U.S.C. § 201 *et seq.*)<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, Connor Haddock, by and through the attorneys at Schuck Law, LLC, brings this complaint against Defendant Universal Protection Service, LP A Limited Partnership Of California. Plaintiff alleges the following upon information and belief, or Plaintiff's personal knowledge:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to Section 6 of the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 216(b).

2. The Court has jurisdiction over Plaintiff's Oregon State law claims set for in this Complaint pursuant to 28 U.S.C. § 1367(a). Both the Federal and State claims alleged herein arose from a common nucleus of operative facts. The Oregon State claims are so related to the Federal claims that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

3. The employment practices alleged herein were committed in the District of Oregon.

4. Plaintiff worked for Defendant in Oregon State, primarily in Klamath County, Oregon.

## PARTIES

5. Defendant is registered to do business in Oregon as a foreign limited partnership and doing business under the assumed business name Allied Universal Security Services.

6. Plaintiff is an individual who resides in and is a citizen in Oregon State.

7. Defendant employed Plaintiff in Oregon State.

8. Defendant is subject to the FLSA.

9. Defendant is subject to Oregon State wage and hour laws.

10. Plaintiff began working for Defendant on or about October 15, 2024.

11. Defendant employed Plaintiff as an at-will employee.

12. Defendant did not contract with Plaintiff to work for any specific period of time.

13. As part of Plaintiff's employment, Plaintiff was not subject to a collective bargaining agreement and/or part of a union.

14. During the course of Plaintiff's employment, Defendant allowed, suffered and permitted Plaintiff to perform work for the benefit of Defendant.

15. Defendant agreed to pay Plaintiff at the hourly rate of $35.00.

16. Defendant's regularly scheduled paydays were every Thursday.

17. Plaintiff authorized and requested that Defendant pay his wages via direct deposit.

18. Despite having worked that pay period, Defendant failed to pay any wages to Plaintiff on payday of October 24, 2024, estimated to be approximately $168.00 in wages due.

19. Despite having worked that pay period, Defendant failed to pay any wages to Plaintiff on payday of November 7, 2024, estimated to be approximately $1,407.00 in wages due.

20. Despite having worked that pay period, Defendant failed to pay any wages to Plaintiff on payday of November 14, 2024, estimated to be approximately $1,601.65 in wages due.

21. Despite having worked that pay period, Defendant failed to pay any wages to Plaintiff on payday of December 5, 2024, estimated to be approximately $1,658.13 in wages due.

22. On or about December 17, 2024, Plaintiff made a written demand to Defendant to pay the wages due from paydays October 24, November 7 and 14, and December 5, 2024.

23. Plaintiff's employment for Defendant ended on December 28, 2024.

24. Plaintiff quit his employment without giving at least 2 business days' notice.

25. Defendant paid wages to Plaintiff on or about January 23, 2025.

26. On or about February 10, 2025, Plaintiff, and his attorney, mailed to Defendant a detailed written notice of Plaintiff's wage claim and right to attorney fees, which is attached hereto as exhibit A and incorporated by reference as if fully set forth herein.

27. Plaintiff's written notice of nonpayment included enough information for Defendant to estimate and pay the amount of wages due Plaintiff.

28. Defendant received Plaintiff's attorney's written notice of nonpayment on or before February 15, 2025.

Page 3 - Complaint

## CLAIM FOR RELIEF

(FLSA Minimum Wage, Liquidated Damages)

29. Plaintiff re-alleges all paragraphs herein as though fully alleged herein.

30. Defendant is subject to the requirements of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

31. Defendant failed to pay Plaintiff on paydays at the then required minimum wage rate for all hours worked as required by the FLSA.

32. Defendant was required to pay Plaintiff at least minimum wages for all hours worked on Plaintiff's next regularly scheduled pay day under the FLSA.

33. Plaintiff seeks liquidated damages for Defendant's failure to pay all minimum wages on payday under the FLSA estimated to be approximately $4,834.78; plus pre-judgment and post-judgment interest on all damage amounts; plus costs and attorney fees under the FLSA. 29 U.S.C. § 216(b) plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS 82.010.

## CLAIM FOR RELIEF

(Late Payment at Termination Claim)

34. Plaintiff re-alleges all paragraphs as though fully alleged herein.

35. Defendant was required to pay all of Plaintiff's wages on January 2, 2025.

36. Defendant failed to pay Plaintiff all wages as set out above, and wages remain due and owing to Plaintiff.

37. Defendant failed to make payment of all of Plaintiff's earned wages when due and when required by ORS 652.140.

SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243

38. In paying Plaintiff's wages, Defendant was a free agent.

39. In paying Plaintiff's wages, Defendant determined its own actions.

40. In paying Plaintiff's wages, Defendant was not responsible to, nor coerced by any other person, or entity, or authority.

41. Defendant knew Plaintiff's employment for Defendant had ended.

42. Defendant possessed the information regarding the hours worked by Plaintiff and the amount of wages due Plaintiff to pay on payday and at termination.

43. Defendant was capable of paying all Plaintiff's wages earned and due on payday and at termination.

44. Defendant's failure to make payment of Plaintiff's final wages when due was wilful and continued for not less than 21 calendar days.

45. Because of Defendant's failure to make payment of final wages when due, Plaintiff is due statutory penalty wages of not less than $5,880.00, pursuant to ORS 652.150, for the continuation of Plaintiff's unpaid final wages for not less than 21 calendar days.

46. Because of Defendant's failure to pay Plaintiff's wages within 48 hours after they were due, Plaintiff is entitled to recover costs, disbursements, and reasonable attorney fees, pursuant to ORS 652.200.

47. Plaintiff seeks statutory wages pursuant to ORS 652.150, and costs, disbursements and attorney fees, pursuant to ORS 652.200 plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS 82.010.

   **WHEREFORE**, Plaintiff demands judgment from Defendant:

**Upon Plaintiff's claim for relief for failing to pay at least minimum wages on payday under**

SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243

**the FLSA**:

1. Liquidated damages under the FLSA in an amount to be determined but not less than $4,834.78.

2. Pre- and post-judgment interest on all damage amounts in the amount of 9% per annum incurred herein, pursuant to ORS 82.010.

3. Costs, disbursements, and attorney fees under the FLSA. 29 U.S.C. § 216(b).

**Upon Plaintiff's claim for relief for failing to timely pay all wages on termination**:

1. Unpaid wages in an amount to be determined.

2. Statutory penalty wages pursuant to ORS 652.150 in the amount of $5,880.00.

3. Pre- and post-judgment interest on all damage amounts in the amount of 9% per annum incurred herein, pursuant to ORS 82.010.

4. Costs, disbursements, and attorney fees pursuant to ORS 652.200.

**Upon any counterclaim or defense asserted by Defendant without a objectively reasonable basis, or where Defendant disobeys a court order**:

1. Plaintiff is entitled to recover attorney fees and costs pursuant to ORS 20.105.

DATED: February 19, 2025.        Schuck Law, LLC

　　　　　　　　　　　　　　　　　　　　　/s/ Karen A. Moore
　　　　　　　　　　　　　　　　　　　KAREN A. MOORE, Esquire
　　　　　　　　　　　　　　　　　　　OSB 040922
　　　　　　　　　　　　　　　　　　　(360) 566-9243
　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff